UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60881-CIV-DIMITROULEAS/ROSENBAUM

JUDITH NELSON,

    Plaintiff,

v.

WAL-MART STORES, INC.,
a Delaware Corporation authorized
to do business in Florida,

    Defendant.
_____/

## ORDER

This matter is before the Court on the Defendant Wal-Mart Stores, Inc.'s Notice of Filing Affidavit of Attorney Time ("Affidavit") [D.E. 22], pursuant to this Court's Order on November 8, 2007 [D.E. 18], granting Defendant fees and costs related to the filing of Defendant's Motion to Compel. After reviewing the Affidavit and the file in this case, and being otherwise advised in the premises, it is **ORDERED** as follows:

On November 8, 2007, the Court granted Defendant's Motion to Compel as it sought sanctions, costs and fees relating to the filing of the Motion to Compel. [D.E. 18]. In the Order, the Court directed Defendant to file an affidavit setting forth the reasonable costs and fees and gave Plaintiff ten days to file any objections she might have. [D.E. 18]. On October 30, 2007, Defendant filed its Affidavit requesting a total of $1,845.50 in fees relating to its Motion to Compel. [D.E. 22]. In the Affidavit, Defendant averred that it incurred attorneys fees in the amount of $1,845.50 for 7.2 hours of attorney time. Defendant asserted that an associate attorney, Jonathan Beckerman. Esq., billed at an hourly rate of $210 an hour and expended 4.3 hours, totaling $903.00 in attorney fee

time, and that a shareholder attorney, Scott Forman, Esq., billed at an hourly rate of $325.00 and expended 2.9 hours, totaling $942.50 in attorney fee time. [D.E. 22]. Plaintiff did not file any objections to Defendant's Affidavit or claim for fees in the total amount of $1,845.50.

As noted in the Court's Order granting Defendant's Motion to Compel, Rule 37(a)(4), Fed. R. Civ. P., permits a court to award any reasonable expenses, including attorneys' fees, incurred in bringing a motion to compel discovery. Once the Court has ruled that fees and costs should be awarded, the Court must then determine whether the amount sought by the moving party is reasonable. The moving party bears the burden of demonstrating that its expenses are reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The Court may also rely on its own experience to estimate the time reasonably required for the work claimed. *Fischer v. Sysco Food Serv. of Central Ala*., 2006 WL 2480166, *1 (M.D. Ala., Aug. 28, 2006) (citing *Vocca v. Playboy Hotel of Chicago, Inc*. 686 F.2d 605, 607 (7th Cir.1982)).

The Court finds that based on the review of Defendant's original Motion to Compel [D.E.14] and its Affidavit [D.E.22], reimbursement for the expenditure of 7.2 hours of attorneys' time is reasonable, particularly in light of the absence of objections by Plaintiff's counsel. Accordingly, the Court grants Defendant the full amount requested of $1,845.50.

It is hereby **ORDERED** and **ADJUDGED** that Plaintiff shall pay Defendant fees in the amount of $1,845.50, which represents 4.3 hours of associate attorney time at an hourly rate of $210,

totaling $903.00, and 2.9 hours of shareholder attorney time at an hourly rate of $325, totaling $942.50.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 18th day of December, 2007.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Honorable William P. Dimitrouleas
        Counsel of Record